

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# USA v. Miyares

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3554

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Miyares" (2008). *2008 Decisions*. Paper 533.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/533

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3554

UNITED STATES OF AMERICA

v.

CHARRON MIYARES,
Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 05-cr-0243
(Honorable Alan N. Bloch)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2008

Before: SCIRICA, *Chief Judge*, BARRY and HARDIMAN, *Circuit Judges*.

(Filed: September 17, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Appellant Charron Miyares appeals his criminal sentence of 195 months'

imprisonment, contending it is unreasonable and is based on improper application of the

United States Sentencing Guidelines. We will affirm.

## I.

A federal jury found Miyares guilty of three counts on which he was indicted: (1) possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute five grams or more of crack cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii); and (3) carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). Miyares was sentenced to concurrent 120 month and 135 month terms on the first two counts and a consecutive 60 month term on Count Three – a total sentence of 195 months' imprisonment.

## II.

## A.

Miyares contends the District Court here "failed to exercise its discretion in giving meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a), in particular to the differential between advisory sentencing guidelines for crack cocaine and powder cocaine." Miyares Br. at 21-22.

*United States v. Booker*, 543 U.S. 220 (2005), rendered the sentencing guidelines advisory. Following *Booker*, the sentencing court, after accurately calculating the guidelines range and ruling on any possible departures, exercises its discretion by considering all of the relevant sentencing factors under 18 U.S.C. § 3553(a) before determining the appropriate sentence. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Miyares' argument is based on *Gunter*, where we held "post-*Booker* a sentencing

2

court errs when it believes that it has no discretion to consider the crack/powder cocaine differential incorporated into the Guidelines." 462 F.3d at 249.

*Gunter* was premised on a finding that "the [District] Court viewed the crack/powder cocaine differential in the Guidelines as mandatory." *Id.* at 239. Miyares contends the District Court here similarly viewed the crack/powder cocaine differential in the guidelines as mandatory. He bases this assertion primarily on two statements made by the District Court during his sentencing hearing. First, the District Court stated:

> Congress has clearly manifested its intent that offenses involving crack cocaine are to be treated differently than those involving powder cocaine in both Title 21 of the United States Code, Section 841, and in the sentencing guideline Congress has indicated that possession with respect—that possession with the intent to distribute crack cocaine warrants a sentence greater than that warranted for possessing with the intent to distribute an equivalent amount of powder cocaine.

Subsequently, after considering relevant jurisprudence from this court and others,[1] the District Court stated:

> The weight of the law . . . supports a finding that the differences in sentencing factors between crack cocaine and powder cocaine do not warrant a sentence outside of their recommended range. The Court agrees and will not vary from the guideline sentencing range on this ground.

Miyares contends these statements demonstrate the District Court treated the Guidelines as mandatory. We disagree. Rather than showing the District Court believed

---

[1]The District Court cited, *inter alia*: *United States v. Miller*, 450 F.3d 270 (7th Cir. 2006); *United States v. Pho*, 433 F.3d 53 (1st Cir. 2006); and *United States v. Cawthorn*, 429 F.3d 793 (8th Cir. 2005).

3

it had no authority to consider the crack/powder cocaine disparity in its § 3553(a) analysis, these statements indicate the District Court properly considered congressional intent and relevant case law in sentencing Miyares.

Significantly, the District Court explicitly recognized that the guidelines, post-*Booker*, were not mandatory. It stated: "In light of *Booker* . . . the Court has authority to, for good reason, impose a sentence outside of the guideline range." Nevertheless, the District Court, properly exercising its discretion, chose to follow the crack/powder cocaine guideline. *See Gunter*, 462 F.3d at 249 ("[W]e do not suggest (or even hint) that the Court categorically reject the 100:1 ratio. . . . The limited holding here is that district courts may consider the crack/powder cocaine differential in the Guidelines as a factor, but not a mandate, in the post-*Booker* sentencing process.").

### B.

We also review the sentence for reasonableness under an abuse-of-discretion standard. *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) (citing *Gall v. United States*, 128 S.Ct. 586, 597 (2007)). "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Id*. (citation omitted).

The District Court closely considered the § 3553(a) factors and the "totality of the circumstances of this case," including: (1) Miyares' submissions for leniency based on "age, family ties, and alleged attempts at rehabilitation"; (2) the "nature, circumstances

4

and seriousness of . . . [the] offenses"; (3) Miyares' "history, characteristics, educational, vocational, and corrective needs"; (4) the "need for just non-disparate punishment and deterrence and protection of the community"; and (5) Miyares' prior criminal history.

Miyares acknowledges the District Court considered § 3553(a) factors, but he argues that "a general recognition of the 3553(a) sentencing factors does not render a sentence reasonable if the sentencing court believed that it was bound by the 100:1 ratio." Miyares Br. at 26. But we have already determined the District Court did not believe it was bound by the crack/powder cocaine differential. Accordingly, we cannot say the sentence in this case was unreasonable.

III.

Miyares also challenges the imposition of the statutory maximum sentence, 120 months, for his conviction on Count One. Miyares contends the guidelines require a shorter sentence for this conviction and that the District Court failed to give independent consideration to the § 3553(a) factors for this count.

But Miyares overlooks the fact that Count One and Count Two, as related offenses, were properly "grouped" and considered together under the guidelines. U.S.S.G. § 3D1.2(c). Under the guidelines, a combined offense level is determined based on "the highest offense level of the counts in the Group." *Id*. § 3D1.3(a). And the District Court sentenced Miyares to a term of 135 months' imprisonment for his conviction on Count Two – the minimum of the applicable advisory guideline range.

Miyares' 120-month sentence on Count One was to be served concurrently with his

sentence on Count Two.

IV.

For the foregoing reasons, we will affirm the District Court's judgment of

sentence.[2]

---

[2]On November 1, 2007, the Sentencing Commission adopted Amendment 706, which decreased the base offense levels for crack cocaine offenses by two levels. *United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008) (citing U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. to App'x C, Amend. 706). Amendment 706 went into effect on March 3, 2008, and we found the amendment is not applied retroactively. *Id*. at 220. However, we have found that appellants may obtain what is, in effect, retroactive relief under Amendment 706 by filing an 18 U.S.C. § 3582(c)(2) motion in the District Court after March 3, 2008. *Id*. at 220-21. Accordingly, while we affirm the sentence, Miyares may seek relief under § 3582(c)(2) in District Court.